# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| KATHLEEN WEBER, | : |
|     DEBTOR. | : BANKRUPTCY NO. 09-16489 SR |
| CHASE BANK USA, N.A., | : |
|     PLAINTIFF | : |
|     VS. | : |
| KATHLEEN WEBER, | : |
|     DEFENDANT. | : ADVS. NO. 10-001 |
| | : |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Defendant and Debtor, Kathleen Weber ("Debtor"), moves the Court to dismiss the complaint ("Complaint") filed against her by plaintiff, Chase Bank USA, N.A. ("Chase"). The Complaint alleges claims regarding the dischargeability of Debtor's debt to Chase under 11 U.S.C. §523(a)(2). Debtor contends that the Complaint should be dismissed as untimely pursuant to Fed. R. Bankr. P. 4007(c) which sets forth the time frame for filing a complaint seeking a determination of dischargeability. Chase argues that the Complaint was timely filed under Fed. R. Bankr. P. 9006(a) which establishes the means by which time is computed under the Federal Rules of Bankruptcy Procedure. At the hearing on the Debtor's Motion to Dismiss Complaint ("Motion"), both parties presented oral argument. At the conclusion of the hearing, the Court took the matter under advisement. Upon consideration of the matter, the Motion shall be

denied.

## Background

On August 30, 2009, Debtor filed her bankruptcy case under Chapter 7 of the Bankruptcy Code. The §341 meeting of creditors was scheduled for November 2, 2009. *See Docket Entry No. 8.* Sixty three days later, Chase commenced the above-captioned adversary proceeding by filing its Complaint against the Debtor. The Complaint contains two counts. In both of these counts, Chase bases its claims on §523(a)(2).

Debtor subsequently filed its Motion and Chase filed a response in opposition thereto. The hearing on the motion was on February 18, 2010.

## Discussion

Pursuant to §523(c)(1), a debtor is entitled to a discharge from a debt of a kind specified in §523(a)(2) "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge[.]" *11 U.S.C. §523(c)(1).* In accordance with Federal Rules of Bankruptcy Procedure 7001 and 7003, a proceeding to determine the dischargeability of a debt constitutes an adversary proceeding which must be commenced by the filing of a complaint. *See Fed. R. Bankr. P. 7001; Fed. R. Bankr. P. 7003.* The deadline for filing a complaint to determine the dischargeability of a debt under §523(c) is set forth in Bankruptcy Rule 4007(c). According to this provision, such a complaint must be "filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." *Fed. R. Bankr. P. 4007(c).*

In the Debtor's bankruptcy case, the first date that was set for the §341 meeting of creditors was November 2, 2009. Consequently, the 60 day deadline for filing a complaint objecting to discharge under §523(c) was January 1, 2010. Chase did not file its complaint until Monday, January 4, 2010. Debtor contends that because Chase filed its complaint on January 4, 2010 rather than on or before January 1, 2010, the complaint should be dismissed as untimely.

Chase opposes the Motion, arguing that because January 1, 2010 was a legal holiday, namely New Year's Day, it had until Monday, January 4, 2010, to file its Complaint. In support of its argument, Chase cites to Bankruptcy Rule 9006. This rule states, in pertinent part:

> (a) Computing time
>
> The following rules apply in computing any time period specified in these rules ….
>
> > (1) Period stated in days or a longer unit
> >
> > <u>When the period is stated in days</u> or a longer unit of time:
> >
> > > (A) exclude the day of the event that triggers the period;
> > >
> > > (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> > >
> > > (C) <u>include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday</u>.

*Fed. R. Bankr. P. 9006(a)(1) (emphasis added).* Subsection (a)(6) of Bankruptcy Rule

9006 defines "legal holiday," in relevant part, as the "day set aside by statute for observing New Year' Day[.]" *Fed R. Bankr. P. 9006(a)(6).* January 1st of every year is the day set aside for observing New Year's Day. *5 U.S.C.A. §6103*. Consequently, if Bankruptcy Rule 9006(a) applies to the 60 day time period set forth in Bankruptcy Rule 4007(c), then Chase timely filed its complaint for a determination of dischargeability.

At the hearing on the motion, Debtor's counsel cited two cases in support of the Debtor's position that Chase's complaint was untimely filed, namely *Martin v. First National Bank of Lousiana (In re Butcher), 829 F.2d 596 (6th Cir. 1987)*, and *In re Peacock, 129 B.R. 290 (Bankr. M.D. Pa. 1991)*. Neither of these cases persuades the Court to adopt the Debtor's position.

In *Martin,* the Chapter 7 Trustee filed an adversary proceeding against the defendant bank seeking to avoid preferential and fraudulent transfers under 11 U.S.C. §§ 547(b), 544(b) and 548(a). *829 F.2d at 597.* The bank moved to have the proceeding dismissed contending that it was filed outside of the two year time period established by 11 U.S.C. § 546(a) which requires, in pertinent part, that actions or proceedings under §§ 547, 544 and 548 be commenced within two years after the appointment of a Chapter 7 trustee. *829 F.2d at 597-98. See also 11 U.S.C. § 546(a).* The bankruptcy court denied the motion, reasoning that Bankruptcy Rule 9006(a) applied to determine when the two year time period had run and, according to the Rule's provisions, the proceeding had been timely commenced. *829 F.2d at 597-98.* The district court disagreed and reversed the bankruptcy court. *829 F.2d at 598-99.* On appeal, the Sixth Circuit ruled that: (i) unless a proceeding to avoid a preferential or

4

fraudulent transfer is filed within the two year statute of limitations set forth in §546(a), a bankruptcy court has no jurisdiction to hear the action;[1] and (ii) Bankruptcy Rule 9006 does not apply to alter application of a statute of limitations. 829 F.2d at 600-01. The Sixth Circuit opined: "The two-year limitations period begins to run on the date of the trustee's appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday or holiday." *Id. at 600.*

While the Debtor cites *Martin* in support of its Motion, the Sixth Circuit subsequently reconsidered its rationale therein and concluded that its rationale had been "erroneous." *Bartlik v. United States Dept. of Labor, 62 F.3d 163, 166 (6th Cir. 1995).* In *Bartlik*, the Sixth Circuit, after specifically referring to its ruling and rationale in *Martin*, held that Fed. R. Civ. P. 6(a), on which Bankruptcy Rule 9006(a) is based,[2] <u>should</u> be utilized to compute "the beginning and the end of a statute of limitations prescribed elsewhere in the law." *62 F.3d at 166 (emphasis added).* Consequently, the Sixth Circuit abrogated its ruling in *Martin* and it is no longer good law.

Importantly, the Third Circuit, like the Sixth Circuit, utilizes Fed. R. Civ. P. 6(a) to determine the ending date of statutes of limitations. *See Wilson v. Beard, 426 F.3d*

---

[1] Notably, in *Kiontrick v. Ryan, 540 U.S. 443 (2004),* the Supreme Court instructed that objections to discharge are within the bankruptcy court's jurisdiction pursuant to 28 U.S.C. §157(b)(2)(J) and that compliance or noncompliance with the time prescription in Bankruptcy Rule 4004 neither creates nor withdraws such jurisdiction. *Id. at 452-53.*

[2] Bankruptcy Rule 9006(a) is "modeled on Rule 6(a)." *Duffy v. Dwyer (In re Dwyer), 303 B.R. 437, 441 n.6 (9th Cir. B.A.P. 2003).*

653, 662-63 (3d Cir. 2005) (ruling that Fed. R. Civ. P. 6(a) applies to determine the one year statute of limitation which applies to habeas corpus petitions); *Monkelis v. Mobay Chemical, 827 F.2d 937 (3d Cir. 1987)* (applying the "the method of calculation used in Fed. Rule Civ. P. 6(a)" to determine the final date of a six year statute of limitiations). In *Frey v. Woodward, 748 F.2d 173 (3d Cir. 1984),* the Third Circuit specifically rejected the notion that Fed. R. Civ. P. 6(a), when applied to determine the computation of a statute of limitations, expands the jurisdiction of the court. *Id. at 175.* The Third Circuit further explained that, in the absence of a time computation rule in a particular statute, such as the Federal Tort Claims Act, 28 U.S.C. § 2401(b), Rule 6(a) should be used for that purpose. *Id. See also Doshi v. Resolution Trust Corporation, 815 F. Supp. 837, 839 n.4 (E.D. Pa. 1993)* (noting that "[c]ourts in this circuit have repeatedly employed the reasoning in Frey and applied [R]ule 6(a) to other statutes [involving time limitations for commencing actions or bringing claims]).

Insofar as the bankruptcy court's decision in *Peacock,* it has not been overruled or abrogated. In *Peacock*, the bankruptcy court granted the debtor's motion to dismiss a complaint objecting to dischargeability because it was filed one day beyond the deadline established by Bankruptcy Rule 4007(c). In so ruling, the bankruptcy court reasoned that "the time period established by Rule 4007(c) is in the nature of a statute of limitations" to which Rule 9006(a) does not apply.

The rationale of the bankruptcy court in *Peacock* is contrary to the Third Circuit's view in *Frey.* It is also contrary to the Sixth Circuit's view in *Bartlik.* Moreover, the bankruptcy court's ruling in *Peacock* is, according to the bankruptcy court's observation

6

in *Farmers Bank of Maryland v. Beck (In re Beck), 220 B.R. 573 (Bankr. Md. 1998)*, contrary to the majority view which is that Bankruptcy Rule 9006(a) applies in computing the time period established by Bankruptcy Rule 4007(c).  220 B.R. at 575 ("Nearly all courts have held that Bankruptcy Rule 9006(a) applies to the time limitations of Bankruptcy Rule 4007(c).").

Therefore, the Court rejects the Debtor's argument and concludes instead that Bankruptcy Rule 9006(a) applies in determining whether Chase timely filed its complaint.  Since the 60th day after the date first set for the §341 meeting of creditors was on Friday, January 1, 2010, which is New Year's Day, Chase had until Monday, January 4, 2010, to file a timely complaint objecting to discharge under §523(c) of the Bankruptcy Code.  Chase filed its Complaint on January 4, 2010; therefore, it was timely filed.  The Debtor's Motion shall be denied.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: March 11, 2010